UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON ALAN BROWN #408842,       ) <br>       Plaintiff,       ) <br>                      ) <br> v.       ) <br>                      ) <br> DANA BOTT, *et al.*,       ) <br>       Defendants.       ) <br>                      ) | No. 2:21-cv-56 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff's objection to the report and recommendation issued by the Magistrate Judge. (ECF No. 52). The court will adopt the report and recommendation in full.

### I. Background

Defendants filed a motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies. (ECF No. 45). On March 14, 2024, the Magistrate Judge issued a report and recommendation. (ECF No. 51). On April 8, 2024, Plaintiff filed his objection to the report and recommendation. (ECF No. 52). Plaintiff signed and dated his objection on April 3, 2024. (ECF No. 52).

### II. Legal Standard

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

1

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. Discussion

The court has reviewed the report and recommendation issued by the Magistrate Judge. (ECF No. 51). The court has also reviewed Plaintiff's objection to the report and recommendation. (ECF No. 52). Plaintiff's objection is untimely, and the court will reject it. *See* 28 U.S.C. § 636(b)(1). Plaintiff did not file his objection within fourteen days of issuance of the report and recommendation. Additionally, Plaintiff failed to raise any discrete legal or

factual error in the report and recommendation. The court will overrule Plaintiff's objection and adopt the report and recommendation.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 51) is **ADOPTED** by the court.

**IT IS SO ORDERED.**

Date:  August 9, 2024                     /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge